UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Guangzhou Qihang Technology Development Co., Ltd., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| Dongguan Jiashuan Industrial Co., Ltd., | ) ) |
| Defendant. | ) |

Case No. 6:25-cv-00341

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Guangzhou Qihang Technology Development Co., Ltd. ("Qihang" or "Plaintiff") for its Complaint against Defendant Dongguan Jiashuan Industrial Co., Ltd. ("Jiashuan" or "Defendant") alleges:

### NATURE OF THE ACTION

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent Number 11,639,041 (the "'041 Patent") (attached as Exhibit 1).

2. Plaintiff brings the declaratory judgment action in view of the actual controversy that Defendant has created by asserting the '041 Patent against Plaintiff by filing complaints alleging patent infringement with Amazon.com, affecting Plaintiff's ability to sell its products to consumers in this district.

### THE PARTIES

3. Qihang is a Chinese corporation with a principal place of business in Guangzhou City, Guangdong Province, China.

4. Upon information and belief, Jiashun is a Chinese corporation with a principal place of business at 4th Floor, No 124 Hexing Road, Shatou Community, Chang'an Town, Dongguan, Guangdong, China.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

6. Defendant has wrongfully caused Plaintiff substantial injury in the State of Texas, and venue is proper in this Court under 28 U.S.C. § 1391(b).

7. This Court may properly exercise personal jurisdiction over Defendant at least because Defendant's actions have affected Plaintiff's ability to sell its products to consumers in this district and Defendant thus had fair warning that he may be hauled into court here.

## STATEMENT OF FACTS

### *The Patent-in-Suit*

8. The '041 Patent, entitled "Process for producing anti-gravity balance massage type buffer convection airbag and airbag cushion," issued on May 2, 2023. Attached as Exhibit A is a true and correct copy of the '041 Patent.

9. The '041 Patent matured from U.S. Patent Application No. 16/809,835, which claimed priority to Chinese Patent Application No. 201910216734.6, giving the '041 Patent an effective priority date of March 21, 2019.

10. The '041 Patent was assigned to Defendant on February 21, 2020, as recorded by the United States Patent and Trademark Office at reel/frame 052093/0339.

*Plaintiff's Accused Products*

11. Until recently, Plaintiff has sold inflatable seat cushion products through a number of downstream sellers under at least ASINs BODF6HZBDJ, B0F1SWGLWF, B0F1SVGCFV, B0DZST5L72, B0F1N4H2BT, B0F7LLY57R, B0FB8ZWHC5, B0FDKZ368P, B0F7RC4VW7, B0F89GH9H3, B0F3J6LJTK, B0F2T48LX9, AWMMZTCC2V82Y, B0F43HN3ZT, B0F48C86C8, B0F1MZ7325, B0F4QP371M, B0F5GB3W2P, B0F5GFFBSL, B0F5X4447M, B0F7LS847F, and B0F99NJ33C. Based on information provided by Amazon to the downstream sellers, these delisted ASINs are related to at least one or more of Amazon Complaint IDs 16992425691, 18064001561, 18168730281, 18040370251, 17848983441, 18114190781, 18113529931, 17726977271, 18040436071, 18190542161, and 18162341831.

12. Some products represented in the above-listed ASINs differ slightly in shape, but are otherwise the same in all relevant design aspects.

13. An exemplary image of Plaintiff's inflatable seat cushion products is reproduced below:



14. On January 10, 2025, Defendant notified the first of Plaintiff's distributors that its seat cushion products allegedly infringed the '041 Patent. The distributor subsequently removed the product listings corresponding to Plaintiff's seat cushion products.

15. In the following months, Defendants filed a number of Amazon complaints against product listings for Plaintiff's inflatable seat cushion products, again alleging infringement of the '041 Patent. To date, Defendant has facilitated the removal of thirty-five (35) of Plaintiff's distributors' product listings for inflatable seat cushion products.

16. At the time of filing, none of these listings have been reinstated.

17. Defendant's actions have tarnished Plaintiff's reputation and caused Plaintiff to lose profit.

### *The Prior Art*

18. The subject matter of the '041 Patent was plainly disclosed by a number of publications and product listings well before its priority date. The following paragraphs comprise a non-exhaustive, non-limiting list of disclosures that constitute prior art against the '041 Patent.

### *Chinese Utility Model Patent No. 207075698 U*

19. The products sold by Plaintiff's distributors under the above-listed ASINs (collectively, the "Accused Products") are in all material respects the same as the product shown – and publicly available – at least as early as the publication date, March 9, 2018, of the Chinese Utility Model Patent No. 207075698 U, filed by the Defendant on March 18, 2017. FIG. 1 from the CN 207075698 U Patent is reproduced below in comparison to FIG. 12 of the '041 Patent.



20. Defendant's own Chinese Utility model Patent No. 207075698 U was published on March 9, 2018 and is prior art to the asserted '041 Patent at least because March 9, 2018 is more than one year before the priority date, March 21, 2019, of the asserted '041 Patent.

*The ROHO Mosaic Wheelchair Cushion*

21. The Accused Products are in all material respects the same as the product shown – and publicly available – at least as early as November 11, 2017, in a YouTube video (available at https://www.youtube.com/watch?v=TD6udcPyV_Y) titled "Best Value in Air – ROHO Mosaic Wheelchair Cushion Review" ("the 2017 YouTube Video").

22. The product shown in the 2017 YouTube Video is prior art to the asserted '041 Patent at least because November 11, 2017 is more than one year before the priority date, March 21, 2019, of the asserted '041 Patent. A representative screenshot from the 2017 YouTube Video is reproduced below:



23. The ROHO Mosaic Wheelchair Cushion is also available through Amazon.com under ASIN B06WVW2MM3[1], and it was listed on Amazon at least as early as March 30, 2017 according to Amazon price tracking software Keepa's records.[2] This listing is also prior art to the asserted '041 Patent at least because March 30, 2017 is more than one year before the priority date, March 21, 2019, of the asserted '041 Patent.

24. A representative image of the ROHO Mosaic Wheelchair Cushion from the Amazon.com product listing is reproduced below:

---

[1] *See* https://www.amazon.com/dp/B06WVW2MM3, retrieved on July 25, 2025.
[2] *See* https://keepa.com/#!product/1-B06WVW2MM3, retrieved on July 25, 2025.



***The SUNFICON AIR Cushion***

25.     The Accused Products are in all material respects the same as the product shown and publicly available at least as early as January 21, 2019,[3,4] titled "SUNFICON AIR Cushion" and having ASIN B07MB164Y8.

26.     The SUNFICON AIR Cushion is prior art to the asserted '041 Patent at least because January 21, 2019 is before the priority date, March 21, 2019, of the asserted '041 Patent.

27.     A representative screenshot of the product listing, Offer ID No. 579195214449, is reproduced below:

---

[3] *See* https://keepa.com/#!product/1-B07MB164Y8, retrieved on July 25, 2025.
[4] *See* https://www.amazon.com/dp/B07MB164Y8, retrieved on July 25, 2025.



*The 1688.com Listing*

28. The Accused Products are in all material respects the same as the product shown and publicly available at least as early as October 10, 2018 on the Chinese e-commerce website 1688.com under Offer ID No. 579195214449.[5] This listing is prior art to the asserted '041 Patent at least because October 10, 2018 is before the priority date, March 21, 2019, of the asserted '041 Patent.

29. A representative figure of the product, ID #579195214449, is reproduced below:

---

[5] *See* https://detail.1688.com/offer/579195214449.html?spm=a26352.13672862.offerlist.109.530d1e62wzzni3&cosite=&tracelog=p4p&_p_isad=1&clickid=236ab37f0de443bc99480a8e0c7786e6&sessionid=e2af568d21a01066fba5f23689f16952, retrieved on July 25, 2025.



**COUNT I**
**Declaratory Judgment**
**Invalidity of the '041 Patent – Anticipation**

30. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

31. In light of Defendant's actions in facilitating the takedown of Plaintiff's Accused Products through assertion of the '041 Patent, an actual case or controversy exists between the parties as to whether Plaintiff has infringed the '041 Patent.

32. The '041 Patent is invalid under 35 U.S.C. § 102 as being anticipated by at least one of: (a) the November 2017 YouTube Video; (b) the product shown in the November 2017 YouTube Video; (c) the ROHO MOSAIC Wheelchair Cushion, publicly disclosed and available at least as early as November 19, 2018; (d) Chinese Patent No. CN 207075698, publicly disclosed

9

and available at least as early as March 18, 2017; (e) one or more other publications showing the patented design before the '041 Patent's claimed priority date; or (f) one or more other sales of products having the patented design before the '041 Patent's claimed priority date.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff requests a declaration by the Court that the '041 Patent is invalid as anticipated in light of one or more the above-listed prior art references.

**COUNT II**
**Declaratory Judgment**
**Invalidity of the '041 Patent – Obviousness**

34. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

35. If the '041Patent is not invalid as anticipated, it is invalid under 35 U.S.C. § 103 as obvious in view of at least one of: (a) the November 2017 YouTube Video; (b) the product shown in the November 2017 YouTube Video; (c) the ROHO MOSAIC Wheelchair Cushion, publicly disclosed and available at least as early as November 19, 2018; (d) Chinese Patent No. CN 207075698, publicly disclosed and available at least as early as March 18, 2017; (e) one or more other publications showing the patented design before the '041 Patent's claimed priority date; or (f) one or more other sales of products having the patented design before the '041 Patent's claimed priority date.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff requests a declaration by the Court that the '041 Patent is invalid as obvious in light of one or more the above-listed prior art references.

## COUNT III
### Declaratory Judgment Regarding Noninfringement of the '041 Patent
### 28 U.S.C. § 2201 et seq.

37. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

38. In light of Defendant's actions in facilitating the takedown of Plaintiff's Accused Products through assertion of the '041 Patent, an actual case or controversy exists between the parties as to whether Plaintiff has infringed the '041 Patent.

39. Given the closeness of the Accused Products and the prior art raised by Plaintiff, if the '041 Patent is not invalid as anticipated or obvious, then the Accused Products do not infringe the '041 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to grant the following relief:

a. A declaration that the '041 Patent is invalid as anticipated and/or obvious;

b. A declaration that the '041 Patent is not infringed;

c. Award Plaintiff a permanent injunction enjoining Defendant from asserting the '041 Patent against the Accused Products;

d. Award Plaintiff its reasonable attorney fees if this Court finds that this case is an "exceptional case" under 35 U.S.C. § 285; and

e. Any further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Dated: August 5th, 2025                                  Respectfully Submitted,

/s/      *Wangxue Deng*

Wangxue Deng, WDTX #30228
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: (913) 303-3844
wdeng@avekip.com
*Attorney for Plaintiff*

Allen Justin Poplin, WDTX #21598
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: (913) 303-3841
jpoplin@avekip.com
*Attorney for Plaintiff*

Joseph P. Hooper, WDTX #77011
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: (913) 499-1284
jhooper@avekip.com
*Attorney for Plaintiff*